Savage v. Bangor.

---

† SAVAGE & *ux. versus* BANGOR.

When by reason of snow drifts, that part of the highway prepared for travel, becomes impassable, and a passage way outside and over the gutter of the road is used instead of it, for damages sustained by travelers over such passage way, in the use of ordinary care, the town is liable.

If a thaw and a rain occur prior to the accident, it is sufficient notice to the town that such passage way is unsafe.

ON REPORT from Nisi Prius, HATHAWAY, J., presiding.

CASE, for damages received by the female plaintiff, by reason of an alleged defect in the highway which the defendants were bound to keep in repair.

After the evidence was out, it was agreed to report the case for the consideration of the full Court, to be decided by nonsuit or default, according to the legal rights of the parties; and if a default was directed, the Court were authorized to assess the damages upon the evidence reported.

The facts found by the Court appear in the opinion.

*A. Sanborn,* for defendants.

*Knowles & Briggs,* for plaintiffs.

TENNEY, J. — The plaintiffs seek compensation for an injury alleged to have been received by the female plaintiff in January, 1854, by the upsetting of a stage sleigh, upon a public highway, which it is admitted, the city of Bangor is bound to keep in repair.

It appears that for the distance of about thirty-five rods, the part of the highway, which had been prepared for the travel, when not covered with snow, was impeded with deep drifts for some time previous, without any attempt to make a path through them; and that the way for the passage of carriages had been broken out near the fence, which bounded the road, over wood piles and bob sleds, and was the only one which could be used. The day before the accident it rained, and the snow melted. The place where the sleigh upset was where this way turned to go into the center of the road, at which there was a pool of water, and it was impossible to determine whether the passage was safe or not. The ice over the ditch, which had formerly been sufficiently strong to bear the coach, had been so affected by the thaw, that the runners of the sleigh broke through, and fell into the water about two feet. The sleigh was upset, and the female plaintiff, who was sitting upon the box with the driver, was thrown into the water, and the sleigh rested upon her person, until she was extricated. Evidence was introduced on both sides touching the extent of the injury received.

It is objected to the maintenance of the action, that the accident occurred on a passage-way, which was not that which had been prepared for the travel, when the whole was free

from obstruction by snow drifts, and the case of *Johnson* v. *Whitefield*, 18 Maine, 286, is relied upon in support of the objection. It was therein decided that "while the town has done its duty, when it has prepared a pathway of suitable width, in such a manner that it can be conveniently and safely traveled with teams and carriages, as required by the statute, the citizens are not thereby deprived of the right to travel over the whole width of the way as laid out."

The case cited is in no sense analogous to the one before us. Here, the city had omitted entirely to prepare such a pathway, at the time of the accident. The traveler was obliged to abandon his intention of passing over the road, attempt to break through the drifts, which had long been unbroken, or pass over the only way prepared for use, which was then unsafe and inconvenient.

It would be unreasonable, and by no means in accordance with the provisions of the law, that the city should be exonerated from liability on account of an accident, which was caused by a defective passage-way, near the exterior limits of the road, wholly or partially over the gutter, when the traveled portion, wrought into a road, was at the time impassable, because at a different season of the year, before, it was all which the statute required, and the passage-way, upon which the injury was done, was the only one where travelers could pass. Such a construction would require, that when the ground is covered with snow, every traveler must know the precise spot where the road was prepared for travel before the snow fell, and if the only path was upon another part of the highway, and that path defective, he must pass thereon at his own risk, or continue his course upon the wrought portion, notwithstanding the impediments, or terminate it altogether.

It is competent for the proper agents of the town, to change the wrought portion of the road at pleasure. And if they should suffer the part formerly traveled to become ruinous, and its use should be attended with great peril, and should work the road for travel on a different line,

within its limits, no one would maintain, that an ordinary defect in the latter, which caused an injury, would not subject the city to the liability of making compensation. And whether the defect in the part formerly prepared and used, is by the removal of the substances of which it was composed, or by the placing of obstructions thereon, would have no effect to make the liability greater in one case than in the other; and whether the obstructions were drifts of snow, or other things, is quite immaterial.

It is denied by the city of Bangor, that it had notice of the defect, if one existed in the highway, so that it can be chargeable. Notice is necessary, but actual notice is not in all cases required. If the defect had existed for so long a time, that citizens must be presumed to have known its existence, that notice is sufficient. Open and visible defects, such as could be prevented by common and ordinary diligence, towns and cities are by law bound to notice and guard against. *Lobdell* v. *Inhabitants of New Bedford,* 1 Mass. 153.

In this case, the city is supposed to have known by its officers, that the traveled way at the time of the accident, was on a part of the highway, which must be disturbed materially by the melting of the snow; that water would probably settle into the gutter, under the ice, which, by those means and others, which would produce material changes in this passage during a thaw, would naturally render it more unsafe and inconvenient than before. The rain and the warm weather had continued so long a time before this accident, that the officers of the city must have been admonished, that this portion of the road would require attention; and they were bound to put it in a condition less perilous, than that in which it was found.

It is necessary, that the plaintiffs should show that there was the exercise of ordinary care on the part of the plaintiff injured, and in the manner in which she was carried in the sleigh, in the charge of the driver. The latter was a witness without objection. The manner in which he drove

his horses was such, that it would seem, that no blame could be imputable to him, in that respect. The horses were entirely under his control, so far as the evidence shows the facts. No want of care appears, touching the selection of the particular place on which he drove them. The driver says, in his testimony, that it was impossible to tell whether it was safe going over the pool of water or not. By this it is understood, that the condition of the road was unusual, that a part was covered with water; but no means were presented by which he could determine the effect, which the water had produced; the safety could not be determined with certainty, by a traveler, without experiment. It does not appear that he was wanting in ordinary care.

From the whole evidence in the case, it is believed that the plaintiffs are entitled to recover the damages, which have been sustained.

It is not clearly proved, that any bruises or injury, upon particular parts of the person of the female, were inflicted. That she was thrown into the water, and was exposed to danger, is fully shown. The state of her health before and afterwards, from the whole evidence, is left quite indefinite and uncertain. But it appears, that generally she suffered, in this respect, more, subsequent to the accident, than previously. How far this was the result of the injury for which the city is accountable, or the fruit of the exposure, while in her wet clothes during a ride of considerable distance, it is difficult to determine with certainty.

According to the agreement of the parties, a default must be entered, and damages awarded for the sum of one hundred and fifty dollars.

APPLETON, J., living in the defendant town, took no part in the opinion.