[No. 7088.   Decided March 30, 1908.]

## A. J. LARSEN et al., Respondents, v. THE CITY OF SEDRO-WOOLLEY, Appellant.[1]

MUNICIPAL CORPORATIONS—NEGLIGENCE—STREETS—OBSTRUCTIONS—EVIDENCE—SUFFICIENCY.  The evidence is sufficient to raise a question of fact for the jury as to the dangerous condition of a street, where it appears that the street and sidewalk were much obstructed by lumber from a mill on the abutting property and had been in that general condition for two years.

SAME—CONSTRUCTIVE NOTICE.  Obstruction of a sidewalk with lumber in a general way for two years is sufficient constructive notice to the city of the dangerous condition of the street.

SAME—CONTRIBUTORY NEGLIGENCE—WALKING ON PARKING STRIP.  The contributory negligence of one who trips over lumber, on the parking strip of a street, while going around a pile of lumber on the sidewalk, is a question for the jury, where the lumber prevented passage over the sidewalk; since the parking strip is part of the street and is to be kept reasonably safe.

EVIDENCE—ADMISSIONS—EFFORT TO COMPROMISE.  Evidence is inadmissible of a conversation with the mayor of a town relating to an effort to compromise the plaintiff's suit against the town.

WITNESSES—REDIRECT EXAMINATION.  It is not error to receive evidence concerning the amount of travel upon a street subsequent to the accident, upon redirect examination of the plaintiff as to matters opened up on cross-examination.

MUNICIPAL CORPORATIONS—STREETS—NOTICE OF DEFECT—EVIDENCE—ADMISSIBILITY.  In an action for personal injuries sustained by reason of obstruction of a sidewalk that had continued for two years, it is admissible to show actual notice to the city by evidence of complaints made during such period.

DAMAGES—PHYSICAL CONDITION PRIOR TO INJURY—EVIDENCE—REMOTENESS.  In an action for personal injuries, evidence of statements

[1]Reported in 94 Pac. 938.

made four years prior to the accident as to the hysterical and nervous condition of the plaintiff is inadmissible, the same being too remote.

WITNESSES — IMPEACHMENT — FOUNDATION.     Evidence of prior statements of a witness are inadmissible for the purpose of impeachment where no foundation therefor was laid.

DAMAGES—PERSONAL INJURIES — EXCESSIVENESS.     A verdict for $1,600 in favor of a previously strong woman, for an injury to the hip in the nature of a dislocation, affecting the muscles and nerves of the back, causing lameness and considerable suffering, and preventing performance of work as theretofore, is not excessive.

Appeal from a judgment of the superior court for Skagit county, Joiner, J., entered June 13, 1907, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained through the negligent maintenance of obstructions upon a sidewalk. Affirmed.

*G. M. Davison (H. D. Cooley* and *Wilbra Coleman,* of counsel), for appellant.

*Smith & Brawley,* for respondents.

HADLEY, C. J.—This is an action against the city of Sedro-Woolley to recover damages for personal injuries alleged to have been received upon a street in said city. The action was brought by A. J. Larsen and Petricka G. Larsen, as husband and wife, but the injuries were sustained by the wife, Petricka G. Larsen. They allege in their complaint that Murdock street in said city is one of the public thoroughfares thereof, and that along the west side of the street a sidewalk has been constructed as a part of the street, both sidewalk and street having at all times been generally used by the public; that one Shrewsbury was engaged in the operation of a planing and wood-working mill on land lying on the west side of said street and abutting thereon, the building in which the machinery was operated being so constructed that it was adjacent to the sidewalk; that for a period of about two years prior to the accident sustained by Mrs. Larsen, Shrewsbury, in conducting the business of the mill, was in the habit of

running lumber and timber through an opening in the wall of
the building and allowing the same to drop on the sidewalk
and to pile up there in such a manner as to render the street
and sidewalk dangerous to public travel. It is alleged that
the city not only had actual notice of this condition, but that
through its proper officers it permitted the condition to con-
tinue over the protests of numerous persons, including the
plaintiffs. It is averred that, as Mrs. Larsen was passing
along the street, she was compelled to leave the sidewalk and
pass between the lumber pile thereon and lumber piled in the
street; that while she was passing between said piles of lum-
ber, using due care and caution, she was tripped by a piece
of lumber projecting from the piles and was violently thrown
against the ground, whereby she received her injuries. The
city denies the material allegations of the complaint, and avers
contributory negligence on the part of Mrs. Larsen. The
cause was tried before a jury, and a verdict was returned in
favor of the plaintiffs in the sum of $1,650. The city moved
for a new trial, which was denied, and judgment was there-
upon entered for the amount of the verdict. The city has
appealed from the judgment.

The appellant assigns as error that the court denied its
motion for nonsuit, and also its challenge to the legal suffi-
ciency of the evidence at the close of all the testimony. It is
argued that the evidence did not show any negligence on
the part of appellant. The first consideration is whether there
was sufficient evidence for submission to the jury bearing
upon the question of the city's negligence. This involves the
condition of the street at the time and place of the accident.
There was ample testimony for the jury to the effect that the
street and sidewalk were much obstructed by lumber at that
place, and that such a condition in a general, changing way
had continued for a long time, practically two years prior to
the accident. The evidence as to the length of time this
general condition had continued there was sufficient for sub-
mission to the jury upon the question of constructive notice

to the city, and there was furthermore direct and positive testimony of actual notice. The street was one which the city had assumed to improve and put in condition for travel at that place. The city was, therefore, under the legal duty to see that the street was under all ordinary circumstances kept in a reasonably safe condition for public travel. The evidence was sufficient to raise the question of fact for the jury to determine whether the street was in such condition and whether there was negligence in the said particular.

It is furthermore urged that the evidence shows the injuries to be due to Mrs. Larsen's own contributory negligence. We have repeatedly held that this subject is ordinarily for the jury, and we do not think the evidence in this case is such as to take it out of the general rule. Appellant argues, however, that contributory negligence appeared as a matter of law, for the reason that Mrs. Larsen was upon the park strip of the street, between the curbing and sidewalk, when she received her injuries, it being contended in effect that she had not the right to go there. The park strip was within, and was a part of, the street. There was evidence to the effect that lumber was so placed from an opening in the wall of the mill and reaching across the entire width of the sidewalk that Mrs. Larsen could not pass along the sidewalk; that lumber was also piled upon the adjacent park strip and further out into the traveled part of the street; that there was a small space between the lumber upon the sidewalk and that upon the park strip, through which she was attempting to pass when the projecting timber caused her to fall; that to have cleared all lumber she would have been compelled to go out to or beyond the middle of the street. Under such circumstances it should not be said as a matter of law that Mrs. Larsen was guilty of contributory negligence in going upon the park strip. It is true, that strip is improved in a peculiar manner, for ornamental purposes, and it is not expected that persons will ordinarily travel upon it. But as it is a part of the highway, it cannot be said that under no circumstances do travelers have

a right to pass upon or over it. The circumstances here were such as to make it peculiarly a question for the jury whether Mrs. Larsen was negligent in passing upon the park strip in an attempt to go around the accumulated sidewalk and street obstructions.

"But if the *traveled portion* of the highway is *obstructed* or *dangerous*, making it necessary for a traveler to deviate therefrom, and in so doing he uses ordinary care, the town will be liable for damages accruing to him from an accident caused by any defect or obstruction in that portion of the highway over which he thus necessarily passes." 5 Thompson, Commentaries on Law of Negligence, § 6011.

See, also, *O'Laughlin v. Dubuque*, 42 Iowa 539; *Kelley v. Fond du Lac*, 31 Wis. 179; *South Omaha v. Meyers*, 3 Neb. (Unof.) 699, 92 N. W. 743; *Savage v. Bangor*, 40 Me. 176, 63 Am. Dec. 658; *Rea v. Sioux City*, 127 Iowa 615, 103 N. W. 949.

A similar question as to the use of a park strip was involved in *Fockler v. Kansas City*, 94 Mo. App. 464, 68 S. W. 363. A pile of stone had been placed upon the space left between the curbing of the street and the sidewalk, and the plaintiff in the case was injured thereby. The contention was made that the space between the sidewalk and the curbing was not intended for the use of pedestrians, and that the city therefore owed the plaintiff no duty to keep it free from dangerous obstructions. The court held that it was the duty of the city to keep all parts of the streets in reasonably safe condition for travel, and it clearly and very properly distinguished between obstructions such as trees and ornamental growth within the park space and others of an entirely different class. The court stated that such obstructions as were intended to be placed in the park space should be anticipated by the traveler, and that the city owed no duty to keep the space clear of such; but that it was otherwise with obstructions that were not intended to be placed there as a part of the plan of street improvement and maintenance. We think the reasoning was sound and sensible, and that it should be

approved here. For the foregoing reasons the court did not err in submitting this cause to the jury.

It is contended that the court erred in refusing the appellant's offer to prove by the witness C. E. Bingham the substance of a conversation the witness had with the respondent A. J. Larsen, the husband of the injured woman. Bingham was mayor of the city at the time, and the offer stated that the conversation was with reference to a proposed compromise settlement between the respondents and the city for the injuries received by Mrs. Larsen. The offer was properly refused. It expressly appeared that the conversation related to an effort to compromise the matters involved in the suit, and under well-known rules it was improper, over objection, to disclose such a conversation to the jury.

Complaint is made that the court permitted respondent A. J. Larsen to testify concerning the amount of travel upon Murdock street subsequent to the time of the accident. This occurred during redirect examination and simply covered ground which was opened up by appellant's cross-examination of the same witness. We therefore think it was not error to overrule the objection.

It is complained that the court permitted the witnesses Hammer and Lefavor to testify of complaints made by respondents to the city council concerning the street obstructions at this mill, without fixing the time when such complaints were made. We think it clearly appeared that the complaints were made well within the time of practically two years during which the obstructed condition was continued prior to the accident to Mrs. Larsen. The only purpose of showing that complaint was made was to bring actual notice to the city, and the time was sufficiently shown for that purpose.

Appellant sought to show by the witness Mallott that about four years before the accident to Mrs. Larsen, her husband, the respondent A. J. Larsen, had made statements to the witness concerning the physical condition of Mrs. Larsen, to the

effect that she was hysterical and nervous. The court sustained an objection to this offer, and appellant urges it as error. We think it was not error, for the reason that the time was too remote to make the offered evidence properly applicable to the physical condition at the time of the injuries; and if it was intended for the purpose of impeaching Mr. Larsen, no foundation had been laid for its introduction for that purpose.

Errors are assigned upon the court's refusal to give certain requested instructions. A reading of the entire charge of the court convinces us that it was very full and comprehensive, and correctly covered every point in the case within our views of the law as above expressed. There was no prejudicial error in the instructions given or in the refusal to instruct in the form requested.

It is assigned that the damages returned by the jury are excessive, and appear to have been given under the influence of passion and prejudice. We think, under all the evidence, that neither the trial court nor this court should assume to say that the amount is excessive. There was evidence to the effect that Mrs. Larsen was, before her injuries, a very strong woman; that she was injured in the hip, somewhat in the nature of a dislocation; that the muscles and nerves of the back were also affected, and that she was lame and unable at times to move one leg forward. There was evidence of considerable suffering as the result of the injuries, and that she has been unable to pursue her work with her former success because thereof. Under such circumstances we think the court should not say that a verdict for $1,650 was prompted by passion and prejudice.

We find no reversible error in the record, and the judgment is affirmed.

FULLERTON, CROW, MOUNT, RUDKIN, DUNBAR, and ROOT, JJ., concur.