## FRANCIS RILEY, Respondent, v. KANSAS CITY, Appellant.

### Kansas City Court of Appeals, February 5, 1912.

**MUNICIPAL CORPORATIONS: Concession at Tral: Appeal.** In order to avoid necessity of proving a city had notice of an obstruction in a street, it is necessary to show the city, itself, constructed it. But if plaintiff, himself, states to the court that he is through with evidence in his behalf, except a witness from the city hall to show that the city put in the obstruction, and defendant's counsel answered that he would ascertain and if the city had done so he would admit it, and thereafter the trial was conducted as though that was a conceded point, there being no demurrer to the evidence, the matter is waived and no objection can be made to the judgment on appeal.

Appeal from Jackson Circuit Court.—*Hon. Thos. J. Seehorn,* Judge.

AFFIRMED.

*John G. Park, James W. Garner* and *Francis M. Hayward* for appellant.

(1) Defendant's demurrer to the evidence should have been sustained because there was no evidence that the city constructed the meter into which plaintiff fell and there is no evidence that the city had actual knowledge of the alleged defect or that it had

existed for such a length of time that it should have known of it so that it could have repaired it. Maus v. Springfield, 101 Mo. 613; Badgley v. St. Louis, 149 Mo. 122; Young v. Webb City, 150 Mo. 333; Baustian v. Young, 152 Mo. 317; Richardson v. Marceline, 73 Mo. App. 360; Ballard v. Kansas City, 126 Mo. App. 541. (2) The court erred in refusing instruction 2 asked by appellant. Wren v. Railway, 125 Mo. App. 604; Calvin v. Reid, 18 Mo. App. 115; Gray v. McDonald, 28 Mo. App. 492; Murray v. Transit Co., 176 Mo. 183.

*Reed, Yates, Mastin & Harvey* for respondent.

(1) Where the defect in a water meter box results from its original construction no notice of its previous unsafe condition is required. All a pedestrian is required to show in order to recover for an injury received by reason of such faulty construction is that the meter box was in an unsafe condition. Carvin v. City of St. Louis, 151 Mo. 334. (2) It is the duty of the city to keep the entire space between the curb and lot line on a public street in a reasonably sale condition. Coffey v. City of Carthage, 186 Mo. 573.

ELLISON, J.—Plaintiff's action is for damages resulting from an injury received in a street of defendant which he alleges was negligently maintained by defendant. He recovered judgment in the trial court.

It appears that plaintiff, with other boys, had been practicing at football on 38th street, in Kansas City. One of them lost a pencil and plaintiff (with others) was looking for it. While plaintiff was so engaged, walking along in rather a stooped position, he stepped upon a negligently constructed metal covering of a water meter, located in the parkway between the curbing and property line, which turned in such way as to throw him astride of it, causing severe

and painful injury. It is not disputed that it was the duty of defendant to keep the space between the curb and the property line in a reasonably safe condition. [Coffey v. Carthage, 186 Mo. 573.] ·

The first of the two points made against the judgment is that it was not shown the city put in the water meter, and if not put in by the city that it had notice of the defect in the covering. Plaintiff concedes there is an absence of evidence in the record that the city put in the water meter, but he says that at the trial his counsel spoke of being through with the evidence in his behalf except a witness from the city hall, meaning a witness to prove the city constructed the meter box. Whereupon counsel for the defendant said this: "I will say this: Of course, I am not familiar with the fact; but, I have called up, and if the city places this meter box in there I will admit it,—or, he can introduce the evidence out of order."

"The Court: The only purpose of that testimony is, to show that the city put this meter box in?"

"Plaintiff's Counsel: Yes."

Though nothing further occurred or was said, it seems thereafter to have been conceded that the city constructed the meter box. The instructions for defendant are a concession of that fact. They are all drawn on the theory either that plaintiff was not exercising ordinary care when hurt, or that the meter box was not negligently constructed. It is quite apparent that no point was made on the matter, and that the trial was conducted by defendant on the assumption of the city being liable without regard to notice of the defect. [Carvin v. St. Louis, 151 Mo. 334.] It must be borne in mind that there was no demurrer to the evidence at the close of the case, and therefore it cannot be said that defendant saved the point in that way. It is, however, true, that there was a demurrer to the evidence at the close of plaintiff's case. But that could not have covered the omission to prove the

city constructed the meter box, for counsel had only a moment before stated and consented that such evidence could be introduced out of regular order.

Instruction No. 2, for defendant, was properly refused, for the reason that there was no substantial evidence upon which to base it. There was no evidence that the boys had misplaced the covering while playing.

The judgment is affirmed. All concur.