of the bankrupt law, or of proceedings in a court of bankruptcy, but a contemplation of the breaking up of one's business, or an inability to continue it. It has been held by this court that a knowledge of such a derangement of one's affairs as would prevent a party from carrying on his business, is a contemplation of bankruptcy; not mere insolvency, for a party may be insolvent, and know it, and yet payments made or securities given by him not be in contemplation of bankruptcy, if, at the time, he fully expected to continue his business and retrieve his losses; but if he did not expect this, or if the derangement of his affairs was such as to make the inability to continue his business highly probable, then the act was in contemplation of bankruptcy within the meaning of the bankrupt law. The question of intention to give a preference is entirely for the jury, to be judged of by the acts and conduct of the parties at and about the time of making the payment or giving the security. If a party makes payments secretly; or gives securities to friends, or relatives, or persons to whom he may feel under special obligation; or when he says, as William Taylor swears David B. Taylor said, that he intends to prefer his sureties, and such security is given, there can be little doubt of the intention with which such payment or transfer is made. The credibility of the witnesses, however, is a question entirely for the jury.

It has been argued that the giving of judgments by David B. Taylor, about the same time, to his friends and relatives, would be without purpose, if, at the time, he expected to be able to pay all his creditors, and did not intend to give preferences. The giving of such judgments will be considered by the jury so far as it bears on or evidences the intention of D. B. Taylor, in the giving of this judgment to the bank. Again, it is alleged by the defendants that the judgment was given by Taylor at the pressing instance of the bank, and was obtained by their threats and coercion. The evidence of coercion is very slight; but if, at the time, Taylor contemplated* bankruptcy within the meaning I have given to those words, and if he also intended to give a preference to the bank, then this judgment is void under the bankrupt law, and the plaintiff is entitled to recover, though the jury should believe that it was yielded to the threats and coercion of the creditor.

The jury rendered a verdict for the plaintiff for $1697.40.

See Atkinson v. Purdy, [Case No. 616.]

## Case No. 610.
### ATKINSON v. GLENN.
[4 Cranch, C. C. 134.] [1]
Circuit Court, District of Columbia. April Term, 1831.

DEPOSITION—COMMISSION—NOTICE —VERIFICATION OF AFFIDAVIT.

1. Notice on the 28th of December, to take a deposition in Alexandria, on the 29th, is not too short, all the parties residing in that town.

2. An affidavit may be sworn before the counsel of the party, and may be wholly in his handwriting.

[See note at end of case.]

The plaintiff's counsel, Mr. Neale, offered to read the deposition of Thomas Lee taken by commission under the act of Virginia of November 29th, 1792, § 12, p. 279, [providing for the examination by a commission of witnesses who are about to leave the country, or are unable to attend court.]

Mr. Hodgson, for the defendant, objected that the notice was too short, it having been given on the 28th of December; to take the deposition on the 29th of December, at Alexandria, all the parties residing in that town. He also objected, that the affidavit that the plaintiff's claim depended, in a material part, upon the testimony of a single witness who was about to depart, was sworn before the plaintiff's counsel as a justice of the peace; and that the deposition also was wholly in his handwriting.

But THE COURT (MORSELL, Circuit Judge, absent) overruled the objections, and permitted the deposition to be read. Verdict for the plaintiff.

[NOTE. The question arose in U. S. v. Pings, 4 Fed. 714, as to whether or not it was a fatal objection to a deposition, taken under a commission "according to common usage," that the attorney for one of the parties to the action wrote down the answers for the commissioner, the other party to the suit not being represented; and plaintiff's counsel cited this case and Nichols v. White, Case No. 10,235, as authorities for the proposition that a commission, so executed, was executed "according to common usage." In considering the effect of these cases, Choate, District Judge, said: "In neither does it certainly appear that the party making the objection was not represented by his counsel upon the taking of the testimony. If he was, the objection might well have been considered waived, if not taken at the time. If, however, it was otherwise, and the cases were like the present, yet a practice, which at one time may appear to the courts harmless, may, at a different period and in a different state of things, be seen to involve such possibility of abuse that it should not be permitted." ]

[1] [Reported by Hon. William Cranch, Chief Judge.]