MARY SHEEHAN vs. CITY OF BOSTON.
ANNIE A. SHEEHAN vs. SAME.

Suffolk. March 17, 1898. — May 20, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*City Ordinance a Bar to Recovery for Personal Injuries.*

An ordinance of the city of Boston which provides that "No person shall, in or upon any of the public grounds, walk, stand, or lie on the grass, or coast or engage in a game of ball, football, or other athletic sport," is a bar to recovery for personal injuries occasioned to a person who, while walking across the grass on the Public Garden, and being aware that the public were warned by signs to keep off of it, falls into a deep unguarded trench which had been dug by the city for the laying of water pipes.

TWO ACTIONS OF TORT, for personal injuries. Trial in the Superior Court, before *Gaskill*, J., who, at the defendant's request, directed verdicts in each case for the defendant; and the plaintiffs alleged exceptions, which appear in the opinion.

*W. R. Bigelow*, for the plaintiffs.

*S. H. Hudson*, for the defendant.

HOLMES, J. These are actions of tort, for personal injuries suffered by falling into a trench in the Public Garden in Boston. The plaintiffs had been sitting upon a movable settee, which they found upon the grass a little way from the path, in the neighborhood of an arbor near the corner of Boylston and Arlington Streets. They had risen and were walking across the grass toward the Newbury Street exit from the garden, when before they reached a path they fell into the trench. This trench had been dug by the city for the laying of water pipes, and was some ten feet deep, and was not guarded. The ordinances of the city forbade walking on the grass, and the public were warned by signs to keep off it, as the plaintiffs knew.* The judge before whom the case was tried directed verdicts for the defendant, and the plaintiffs excepted.

---

* Chapter 43, § 67, of the city ordinances provides that "No person shall, in or upon any of the public grounds, walk, stand, or lie on the grass, or coast, or engage in a game of ball, football, or other athletic sport, except in accordance with a permit from the mayor."

The ruling plainly was right. The plaintiffs were obliged to show their own breach of the law in order to recover, (*Tuttle* v. *Lawrence*, 119 Mass. 276, *Arey* v. *Newton*, 148 Mass. 598, and *Breuck* v. *Holyoke*, 167 Mass. 258,) and to show that they were in a place where they not only were not invited, but were forbidden to be, and where therefore the defendant was not bound to expect them or to make provisions for their safety. The presence of movable seats upon the grass did not repeal the ordinance, or enlarge the rights of the plaintiffs or the liabilities of the defendant. As every one knows, the most probable explanation was that the seats had been put there by some of the public at their own risk.                 *Exceptions overruled.*