(108 So. 382)

## CITY OF BIRMINGHAM v. MAUZEY.
### (6 Div. 627.)

(Supreme Court of Alabama. April 22, 1926.)

**1. Municipal corporations ⬦816(3) — Complaint held not demurrable as failing to inform municipality as to location of sewer opening, into which pedestrian fell.**

In pedestrian's action for injuries when falling into drainage sewer opening, complaint held not demurrable as failing adequately to inform defendant municipality as to location of such sewer opening.

**2. Municipal corporations ⬦816(2) — Complaint for pedestrian's injuries from falling into drainage sewer opening held not demurrable as imposing greater duty on municipality than required by law.**

In pedestrian's action for injuries when falling into drainage sewer opening, complaint, alleging that sewer was without bars or other means of preventing pedestrian from falling into opening, held not demurrable, in that it imposed on municipality a duty not exacted by law because such openings are only required to be maintained so as not to endanger pedestrians unnecessarily, where conclusion properly drawn from facts alleged was that street was not in reasonably safe condition for travelers.

**3. Municipal corporations ⬦816(7)—Plea attributing negligence to pedestrian in moving without projected lines of sidewalk, but alleging no prohibitory ordinance, held demurrable.**

In pedestrian's action for injuries when falling into drainage sewer opening, plea of defendant city attributing negligence to pedestrian in moving without projected lines of sidewalk, but alleging no ordinance forbidding pedestrian to walk where she did, held demurrable.

**4. Pleading ⬦8(17)—Plea of pedestrian's negligence when falling into drainage sewer opening held demurrable as mere conclusion, where no facts were alleged.**

In pedestrian's action for injuries when falling into drainage sewer opening, plea of defend-ant city that pedestrian was negligent, held demurrable as mere conclusion, where no facts showing her negligence were alleged.

**5. Municipal corporations ⬦816(7) — Plea, failing to allege pedestrian's violation of ordinance contributed proximately to injury, held demurrable.**

In pedestrian's action for injuries when falling into drainage sewer opening, plea of defendant city setting up ordinance requiring pedestrians when crossing street to keep within projected lines of sidewalk, but failing to allege that pedestrian's violation thereof contributed proximately to her injury, held demurrable.

**6. Appeal and error ⬦1040(7)—Sustaining demurrers to defendant's pleas held not erroneous, where they covered same ground as plea under which defendant was consistently allowed to prove everything it had in way of defense.**

In pedestrian's action for injuries when falling into drainage sewer opening, sustaining demurrers to special pleas of defendant held not erroneous, where they were designed to cover same ground as plea under which defendant was consistently allowed to prove everything it had in way of defense.

**7. Municipal corporations ⬦821(20)—Whether pedestrian's digression from projected lines of sidewalk when falling into sewer opening was contributory negligence held for jury.**

Whether pedestrian when crossing street and going outside of projected lines of sidewalk and falling into drainage sewer opening was guilty of contributory negligence held for jury.

**8. Municipal corporations ⬦120.**

Ordinance must be construed reasonably and with view to purpose for which it was adopted.

**9. Municipal corporations ⬦807(3) — Ordinance prohibiting pedestrians from crossing street except at projected lines of sidewalk does not relieve municipality from conserving safety of pedestrian.**

Ordinance requiring pedestrians to cross streets within certain districts only in projected lines of sidewalk does not relieve municipality from all duty to conserve safety of pedestrians who may step aside from path fixed for them.

**10. Municipal corporations ⬦784—Municipality constructing sewer is bound to exercise reasonable care, so that public may use street in safety.**

Though municipality was not bound to construct a sewer at place it did, yet having determined to do so, it was required to exercise reasonable care both in constructing and maintaining sewer, so that public might use street in safety.

**11. Municipal corporations ⬦821(11).**

Whether municipality in constructing sewer exercised reasonable care to conserve safety of public held question of fact.

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**12. Municipal corporations ⬅⟹800(2) — That pedestrian would not have fallen into sewer opening but for slippery condition of pavement held not to relieve municipality of liability.**

That, but for dangerous and slippery condition of pavement, pedestrian would not have fallen into drainage sewer opening, *held* not to relieve municipality of liability for her injuries, where municipality was at fault in failing to properly protect opening.

**13. Appeal and error ⬅⟹1078(1).**

Assigned errors not argued are waived.

**14. Evidence ⬅⟹359(4)—X-ray, helping jury to understand nature and extent of injury to plaintiff's ankle, held properly admitted.**

In action for personal injuries, X-ray picture, aiding jury to understand nature and extent of injury to plaintiff's ankle, *held* properly admitted.

**15. Municipal corporations ⬅⟹812(6)—Notice of pedestrian's claim for injuries held sufficient, though containing some inaccuracies.**

Notice to municipality of pedestrian's injuries, sustained by falling into drainage sewer opening, for which it might be liable, though containing some inaccuracies, but informing municipality substantially of manner, place, and time injury was received, damage claimed, and substantial nature and character of injury received, *held* sufficient.

**16. Municipal corporations ⬅⟹812(6).**

Technical accuracy is not required in notice to municipality of claim for injuries.

Appeal from Circuit Court, Jefferson County; Joe C. Hail, Judge.

Action by Gertrude Mauzey against the City of Birmingham. From a judgment for plaintiff, defendant appeals. Transferred from the Court of Appeals under Code 1923, § 7326. Affirmed.

Count 1 of the complaint is as follows:

"Plaintiff claims of the defendant $10,000 as damages, for that on, to wit, the 8th day of December, 1923, the plaintiff was walking along and upon Third avenue, between Nineteenth and Twentieth streets, about 10 feet from the southeast corner of the intersection of Nineteenth street and Third Avenue North, in the city of Birmingham, Jefferson county, Ala., which street and place where plaintiff was walking was and is a public street or highway in said city of Birmingham, and then and there, while so walking, the plaintiff was suddenly precipitated or caused to fall into a drainage sewer opening, as a proximate result of its defective condition, which defective condition consisted in this: Said drainage sewer opening was without bars, grating or cover, or other means of preventing pedestrians from falling into said opening, and thereby and as a proximate result thereof the plaintiff was severely injured," etc., describing her injuries.

"And plaintiff avers that said injuries were proximately caused by the defendant's neglect, carelessness, or failure to remedy said defect in said street or sidewalk, after the same had been called to the attention of the board of commissioners of the city of Birmingham, Ala., or after the board of commissioners of said city had knowledge of said defect, or after the same had existed for such an unreasonable length of time as to raise a presumption of knowledge thereof on the part of the said board of commissioners, the said defect consisting in this: Said drainage sewer opening was without bars, grating, or cover, or other means for preventing pedestrians from falling into the same, was maintained in an unguarded condition and negligent manner, and thereby said street or highway was not in a reasonably safe condition for travelers.

"And plaintiff avers that on, to wit, the 5th day of March, 1924, she filed with the clerk of the city of Birmingham, Ala., a sworn statement, subscribed to by her, stating substantially the manner in which the said injuries were received by plaintiff, and the day and time and place where the accident occurred, the damages claimed, and the street and house number where the plaintiff resided in the city of Birmingham, Ala., at the time she was injured and at the time of the filing of said claim."

W. J. Wynn and W. K. Terry, both of Birmingham, for appellant.

The duty imposed upon a city to a pedestrian with reference to storm sewer intakes adjacent to a sidewalk is only that they be made so as not to unnecessarily endanger travelers. White, Neg. Mun. Corp. §§ 536, 543, 563; Harrigan v. Brooklyn, 16 N. Y. S. 743;[1] 4 Dillon Mun. Corp. (5th Ed.) 2966. Demurrers to pleas of contributory negligence were erroneously sustained. Birmingham v. Edwards, 201 Ala. 251, 77 So. 841. A city is not liable for injuries to pedestrians occasioned by mere slipperiness of the sidewalk from rain. Bessemer v. Whaley, 8 Ala. App. 523, 62 So. 473. Plaintiff was guilty of contributory negligence. Heland v. Lowell, 3 Allen, 407, 81 Am. Dec. 670; Sheehan v. Boston, 171 Mass. 296, 50 N. E. 543; Herries v. Waterloo, 114 Iowa, 374, 86 N. W. 306.

Stokely, Scrivner, Dominick & Smith and D. G. Ewing, all of Birmingham, for appellee.

Defendant's plea 8 was defective. L. & N. v. Orr, 91 Ala. 548, 8 So. 360. The affirmative charge was properly refused. Montgomery v. Stephens, 14 Ala. App. 274, 69 So. 970; Ala. Terminal Co. v. Benns, 189 Ala. 590, 66 So. 589; McCleskey v. Howell Cot. Co., 147 Ala. 573, 42 So. 67. Counsel discuss other questions, but without citing additional authorities.

SAYRE, J. [1, 2] The statement of the case contains count 1 of the complaint. With minor variations counts 2 and 3 alleged plaintiff's (appellee's) cause of action substantially as in count 1. Defendant complains that the declaration did not adequately

---

[1] Reported in full in the New York Supplement Reporter; not reported in full in 62 Hun, 619.

inform it as to the location of the drainage sewer opening into which she fell. We think that reference to the complaint will refute this ground of demurrer. Nor was the complaint demurrable on other grounds. Defendant insists that it would impose upon it a duty not exacted by law, because it avers that "said drainage sewer was without bars, grating, or cover, or others means of preventing pedestrians from falling into said opening," whereas the law requires only that such openings shall be so maintained as not to endanger pedestrians unnecessarily; but the demurrer overlooks the conclusion drawn by the pleader from the facts alleged, viz.: "That thereby said street or highway was not in a reasonably safe condition for travelers" —a conclusion the pleader might reasonably draw and the jury might approve. The demurrer was properly overruled.

[3-6] The action of the court in sustaining demurrers to special pleas 5 to 9, both inclusive, was free from error. These pleas were defective on various grounds: Plea 5 would attribute negligence to plaintiff in moving without the projected lines of the sidewalk, but alleges no ordinance forbidding plaintiff to walk where she did. Plea 6 was a mere conclusion of the pleader; it alleged no facts showing that plaintiff was' guilty of negligence on her part. Plea 7 sets up the ordinance requiring pedestrians, when crossing streets, to keep within the projected lines of the sidewalk, but fails to allege that plaintiff's violation thereof contributed proximately to her injury. Plea 8 is in the same plight as plea 5, and plea 9 was a shorthand rendition of plea 4 which was submitted to the jury. Indeed, it appears that all these rejected pleas, save only plea 6, which alleges no facts, were designed to cover the same ground as plea 4, under which defendant was consistently allowed to prove everything it had in the way of defense.

Of first importance in this case is the question presented by defendant's plea that, in violation of an ordinance of the city of Birmingham, plaintiff when crossing the street went outside of the projected lines of the sidewalk parallel with which she was passing across the street. The ordinance in question reads as follows:

"Sec. 110. *Crossing Streets.* Pedestrians shall cross the highway only at highway intersections, and in crossing any street at the intersection thereof with another street shall pass over that part of the street as is included within the line of the sidewalk projected, and not diagonally; provided that this section shall only apply within the loop area of the city of Birmingham."

[7] Plaintiff was crossing a street at an intersection within the loop district. Evidence for the plaintiff tended to show that the street intersection where the accident happened to her was the most frequented place in the city; that on the day and hour of her misfortune an unusually large number of pedestrians were passing the point in question; that she crossed the street in substantial compliance with the ordinance, but that, when she had approached within a few feet of the sidewalk to which she was going, the crowd was so great that in order to avoid it she attempted to step from the pavement onto an iron plate at the edge of the sidewalk; that as she raised her right foot her left slipped from under her and she slipped 'or slid into the sewer opening immediately under the iron plate nearly up to her waist, with result that one ankle was dislocated and other lesser injuries sustained. At the point of nearest approach the opening under the plate and in the face of the curb was 15 inches from the projected inside line of the sidewalk. The accident happened about 5:30 to 6 o'clock in the evening of December 8th. The pavements were wet and slippery; the street was well lighted. Originally the opening in the sewer had been guarded by iron uprights, suspended from the iron plate, about 5 inches apart, but some of these had rusted away and were bent over into the sewer or catch-basin.

[8, 9] It is obvious that plaintiff would not have been hurt in the manner indicated if she had remained strictly within the projected lines of the sidewalk, but her digression was slight and made under such circumstances that, in our opinion, it should not as matter of law preclude plaintiff's recovery on the ground of contributory negligence. Plaintiff's right to recover was, under the circumstances, a question for the jury. The ordinance must be construed reasonably and with a view to the purpose for which it was adopted. Its purpose was to concentrate the movement of pedestrians across the street in order to minimize the danger of accidents to them from passing vehicles. But it will not be said that municipal authorities or the drivers of automobiles are relieved of all duty to conserve the safety of pedestrians who may step aside from the path fixed for them. If, for example, a disabled vehicle or other obstruction should block the path, we suppose a pedestrian, exercising such care as ought to be suggested by the increased chances of injury, would still have the right to cross the street, and might pass around and outside of the prescribed lines without forfeiting his right to have others take due care for his safety. And so we think it must be in the case presented by the record. The path across the street was fixed by law, but in fact there were no lines drawn across the street to apprise pedestrians of the path in which they must walk. However, had they been laid down, that would have presented only another fact to be considered by the jury in determining the question of contributory negligence. Appellant cites Sheehan v. Bos-

ton, 171 Mass. 296, 50 N. E. 543, along with two or three other cases not so nearly in point, as going to prove that the mere fact that plaintiff stepped outside the lines of the sidewalk—if projected across the street—cut off the possibility of a recovery by her; the rule being that, if plaintiff was obliged to show her own breach of the law in order to prove the case alleged, she could not recover. But we think that rule does not necessarily operate to bar recovery in this case, for reasons which have been stated, and because it cannot be said that the ordinance should be so strictly construed as to visit a species of outlawry upon a person found on foot off the sidewalk and without the projected lines thereof. A person may have lawful occasion to go upon the street for purposes other than crossing. The brief assigns other reasons why appellant was entitled to the general affirmative charge, but they need no extended discussion.

[10, 11] The opening into which plaintiff fell or slipped was 14 by 47 inches. Defendant municipality was not bound to construct a sewer at that place, but, having determined to do so, it was bound to exercise reasonable care both in constructing and maintaining the sewer to the end that the public on foot, as well as the public in automobiles, might use the street in safety, and whether that care was exercised in this case was a question of fact. Birmingham v. Crane, 175 Ala. 90, 56 So. 723.

[12] Again it is said in the brief that, but for the damp and slippery condition of the pavement, plaintiff would not have fallen into the hole under the sidewalk; that the municipality cannot be held responsible for that condition of the pavement, and, ergo, cannot be liable for plaintiff's injuries. It is highly probable that the major premise of this theory is correctly assumed, but it fails to account for the coefficient proximate cause, the hole, in the matter of which the jury may well have found, and, of course, did find, that the municipal authorities were at fault.

[13] The sixteenth assignment of error is waived—it is not argued in the brief or elsewhere.

[14] The X-ray picture was admitted in evidence without error. It helped the jury to understand the nature and extent of the injury to plaintiff's ankle.

[15, 16] There was objection to the admission of the statement or proof of claim filed by plaintiff with defendant; the ground of the objection being that there was a variance between the statement and the evidence offered in support of plaintiff's complaint. We think the objection cannot be sustained on its merits. There were some inaccuracies in the statement filed, but it, nevertheless, very fully performed the office for which such statements are required, viz.: To inform the municipal authorities substantially of the manner in which the injury was received and the time and place when and where the accident occurred, the damage claimed, and the substantial nature and character of the injury received, etc., in order that such claims may be investigated and adjusted in proper cases without litigation. Technical accuracy is not required. Brannon v. Birmingham, 177 Ala. 419, 59 So. 63; McKinnon v. Birmingham, 196 Ala. 58, 71 So. 463; Birmingham v. Prickett, 207 Ala. 79, 92 So. 7.

Enough has been said to indicate our judgment of all questions argued in the briefs.

Judgment affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.