(132 So. 173)

**COOPER v. AGEE.**

7 Div. 937.

Supreme Court of Alabama.

Oct. 23, 1930.

Rehearing Denied Jan. 29, 1931.

Rutherford Lapsey and Willett & Willett, all of Anniston, for appellant.

Knox, Acker, Sterne & Liles, of Anniston, for appellee.

FOSTER, J.

This case was tried on the evidence offered by plaintiff and a written release offered by defendant. It was to the effect that plaintiff's car was standing on the right side of a paved highway at night, with the two right wheels about two feet off the pavement and the two left wheels three feet on the pavement. The car had not been pumping the gasoline out of the tank, and plaintiff and another occupant of the car, Beard, were standing just behind the gas tank at the rear of the car drawing gas to put it into the vacuum tank to feed the engine. Plaintiff was standing with his hand at the opening of the tank, Beard was on his right. The opening in the tank was at its right end. Both were facing the car and near the edge of the pavement on the right. The tail-light on the left side was showing, and was not obstructed by the men. While so occupied, defendant drove his car from the rear going in the same direction, ran it against plaintiff and Beard, pushing them against their car, breaking plaintiff's leg and injuring Beard. The paved roadway was twenty feet wide. The road was such that the car could be seen from the rear for about one hundred yards. It was a winter misty night. Plaintiff and his companion claim they did not see defendant's car until they were hit. Defendant's car was running not over twenty-five miles per hour. Plaintiff's car could have been pushed entirely off the pavement on smooth surface, but there was ample room on its left for defendant to drive around it on the paved roadway, without interference.

Appellee claims that the evidence was not sufficient to sustain a count. in simple negligence, or, if so, that such facts showed contributory negligence as a matter of law, and that the affirmative charge was properly given for him.

■ The plaintiff, being in a public highway, was not, of course, a trespasser. Louis Pizitz v. Cusimano, 206 Ala. 689, 691, 91 So. 779; Ivy v. Marx, 205 Ala. 60, 62, 87 So. 813, 14 A. L. R. 1173.

■■ It is the rule that the driver of an automobile must keep a lookout for those who are also using the highway. Ivy v. Marx, 205 Ala. 60, 87 So. 813, 817, 14 A. L. R. 1173; Cooper v. Auman, 219 Ala. 336, 122 So. 351. Each owes the other the duty to exercise reasonable care. Barbour v. Shebor, 177 Ala. 304, 310, 58 So. 276.

■ The motorist must exercise due care to anticipate the presence of others upon the

highway and not to injure him after he is aware of his presence. 1 Berry on Auto. §§ 337, 339; 42 C. J. 909; 2 R. C. L. 1184. He is chargeable with knowledge of what a prudent and vigilant operator would have seen, and is negligent if he fails to discover a vehicle which, or a traveler whom, he could have discovered in time to avoid the injury in the exercise of reasonable care. 42 C. J. 911. The jury may infer that defendant was negligent either in the failure to keep a lookout and see plaintiff or that, if he saw plaintiff, he neglected to use due care to avoid injuring him. Stone v. Mullen, 257 Mass. 344, 153 N. E. 565.

It is the duty of the operator of a motor vehicle approaching another standing in the highway to observe whether there are persons about such vehicle, and to exercise due care to avoid injuring such persons. 42 C. J. 1017.

The doctrine of res ipsa loquitur applies where the accident is such that in the ordinary course of events, in the exercise of due care, it would not ordinarily occur, and proof of the happening of the accident under such circumstances is presumptive evidence of negligence, unless such proof rebuts the presumption. 42 C. J. 1205; 2 Blashfield, Cyc. of Auto. Law, 1619 et seq.

This doctrine has been many times applied when a car or a person is standing in a highway and is run into by another from the rear. 2 Blashfield, Cyc. on Auto. Law, p. 1621; 1 Berry on Auto. §§ 488, 489, 490.

This rule in no way conflicts with that which requires the plaintiff to make out a prima facie case of negligence, as declared in numerous authorities.

The evidence did not justify a verdict on the wanton count, but was sufficient to go to the jury on the simple negligence count.

Appellee claims, further, that the evidence sustains his plea numbered 6, and shows negligence of plaintiff in violating section 70 (a) of article 2 of the Alabama Highway Code, proximately contributing to his injury, as a matter of law, and on that account that he was due the affirmative charge.

It is made a misdemeanor to violate section 70 of the Highway Code, Gen. Acts 1927, p. 375, which is in part as follows:

"(a) No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off of the paved or improved or main traveled portion of such highway; provided, in no event shall any person park or leave standing any vehicle, whether attended, or unattended, upon any highway unless a clear and unobstructed width of not less than fifteen feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of 200 feet in each direction upon such highway."

In the case of Watts v. Montgomery Traction Co., 175 Ala. 102, 57 So. 471, the Supreme Court of this state pointed out "that a violation of a statute or an ordinance is negligence per se, and a person proximately injured thereby may recover for such injuries against the violator of the law" (citing the authorities)—see 45 C. J. 726, 727—and that such violation may be set up as a defense to a simple negligence count. But it is also shown that, to have such effect or be a proximate contributory cause, the statute or ordinance must have been enacted for the benefit of the one claiming under it or for a class of which he is a member, as distinguished from some other class or from the public as a whole.

In the case of Ivy v. Marx, 205 Ala. 60, 87 So. 813, 815, 14 A. L. R. 1173, in line with the exception last above noted, and with reference to a traffic ordinance of a city requiring pedestrians to cross the street at a street intersection, and not diagonally, it was said "that the ordinance * * * was not intended to relieve the drivers of automobiles from any existing duties." It was also held in effect not to be enacted for their benefit to the extent that it would allow automobile opators to drive their cars blindly along such thoroughfare, answerable only for wanton or willful conduct or negligence, after discovery of plaintiff's peril. The rule of this case is now firmly fixed in this state. Salter v. Carlisle, 206 Ala. 163, 90 So. 283; Cooper v. Auman, 219 Ala. 336, 122 So. 351; Birmingham v. Mauzey, 214 Ala. 476, 108 So. 382, 384.

In the case of Birmingham v. Mauzey, supra, the effect of the violation of a traffic ordinance, as constituting contributory negligence, was directly involved and carefully treated. It was there said (and repeated in Cooper v. Auman, supra, page 338 of 219 Ala., 122 So. 351) that, though plaintiff was at the time violating such ordinance in the manner of his crossing the street, when he was injured, such violation does not as a matter of law necessarily operate to bar a recovery on a simple negligence count, because, for one reason, "it cannot be said that the ordinance should be so strictly construed as to visit a species of outlawry upon a person found" thus in its violation. It is after all, ordinarily, as there asserted, a question for the

338

jury, considering the purpose of the enactment and the circumstances surrounding the parties, to determine whether it was intended so to benefit a defendant, as that its violation by plaintiff was such a proximate contributing cause of an injury as to relieve defendant of the consequences of a failure to perform a legal duty otherwise owing by him to plaintiff. Therefore we cannot say as a matter of law that a violation of the statute by plaintiff was such contributory negligence as to bar a recovery by him.

In connection with the question of negligence in fact as alleged in other pleas, we observe that it seems to be a rule of law as well as common sense that a person standing behind his car on the right side of a road on a straight stretch, with no obstruction of the view, with the tail-light of his car showing, and ample room to pass in the ordinary way, may presume that the operator of a car approaching from the rear would see him and exercise due care not to injure him, and that under such circumstances he cannot be held as a matter of law to be negligent proximately contributing to his injury by such an automobile operator. 1 Berry on Automobiles, § 420, p. 363; 2 R. C. L. 1184; Stephenson v. Parton, 89 Wash. 653, 155 P. 147.

We conclude, therefore, that the affirmative charge for defendant cannot be sustained on the alleged contributory negligence of plaintiff, though we assume that plaintiff violated the statute in question. We pretermit a discussion of whether the position of the car was, as a matter of law, in violation of the statute. This ought usually to be a question for the jury, though the evidence may be such that the court should so hold.

We have not seen fit to rest our conclusion on the fact that, though the pleas of contributory negligence allege that all four wheels of plaintiff's car rested, at the time of the accident, on that part of the roadway which was paved with concrete, the evidence was that only two of them, to wit, those on the left of the car, rested on the concrete. On another trial, this variance need not occur.

The sufficiency of the replication numbered "third" is not here involved. But the question in respect to it is whether there is any evidence on which the jury could base a verdict favorable to plaintiff on that replication. The defendant had alleged, by way of plea, that plaintiff had executed a release and discharge of the claim sued on. The replication alleges facts showing fraud in procuring the execution of the release. This is not a situation where we should consider the weight of the evidence further than to determine whether there was any evidence to sustain the replication. The authorities relied on by appellee discuss the weight of the evidence under circumstances when that is the inquiry. In such cases the court expressed the view that the burden on plaintiff must be sustained by a preponderance of the evidence. The allegations of this replication are in many respects similar to those treated in Central of Georgia Ry. v. Garner, 219 Ala. 441, 122 So. 429. The plaintiff in that case testified that there were no statements made to him as to the contents of the paper he signed, though he testified that in the negotiations the agent told him he had come to settle for his lost time; whereas in this case there is evidence that defendant's attorney not only told plaintiff on his first visit, in the negotiations, that he would "give him enough until he went back to work, and then make a settlement," and that the amount agreed on "wasn't said as a settlement" (besides much other evidence of the same general nature), but that when he returned the next day, with the release, and when it was signed and the money paid, he said to plaintiff, "Here is a showing I want you and your wife to sign showing you got the money." Plaintiff as a witness repeated this in substance several times, and in one place he expressed it as follows: "He said it was a receipt showing Mr. Agee that we got the hundred dollars." It was not read to him, and he did not ask for it to be read, and he was in his right mind, but he had the right to rely on a statement to him as to what it was. It was in fact much more than a "receipt" or "showing" that he had received $100. According to the evidence of plaintiff, this was agreed to be only compensation for certain items of his damages, but not for a settlement. Taking it all together, we think that it tends to show that there was evidence which should be treated as descriptive of the nature of the instrument plaintiff signed, different from what it was in fact. We repeat that the rule is, if there is any evidence to that effect, its weight should be submitted to the jury. The lack of evidence pointed out in the Garner Case, supra, was thus supplied in this.

We do not find sufficient evidence to go to the jury as to the other special replications.

Our conclusion is that the affirmative charge was not justified on account of the failure of proof as to replication numbered "third," nor on any other account as shown by the record.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

On Rehearing.

FOSTER, J.

Replication numbered "third" is in two aspects, (1) fraud and (2) undue influence. We

stated in the opinion that there is in the record enough evidence of the fraud to go to the jury on that question, and on rehearing counsel do not seem to take issue with that statement. But they point out that there is an averment, stated in the conjunctive, that defendant's agent knew of plaintiff's weak mental condition, and that there is no evidence of such averment. Assuming that the record is in accord with that contention, we cannot agree with the result claimed—that thereby there is such a failure of proof as that the replication is not sustained.

We agree that the rule is that, where the fraud relied upon consists of one representation or a series of them all as one transaction, the proof must support all the several statements in the pleading constituting the representation as an entirety. City Loan & Banking Co. v. Byers, 1 Ala. App. 583, 55 So. 951; L. & N. R. R. Co. v. Mothershed, 97 Ala. 261, 12 So. 714; L. & N. R. R. Co. v. Coulton, 86 Ala. 129, 5 So. 458; Cent. of Ga. R. Co. v. Isbell, 198 Ala. 469, 73 So. 648.

But, if the pleading be divided into separate aspects, legally sufficient in averment, the fact that they are conjunctively connected does not make it essential that the descriptive matter of both such separate aspects shall be proven. L. & N. R. R. Co. v. Mothershed, supra; L. & N. R. R. Co. v. Coulton, supra; Shipman v. Furniss, 69 Ala. 555, 563, 44 Am. Rep. 528; So. Rwy. Co. v. Lee, 167 Ala. 268, 52 So. 648; B. R. & E. Co. v. Baylor, 101 Ala. 488, 13 So. 793; L. & N. Rwy. Co. v. Malone, 200 Ala. 380, 76 So. 296.

In Shipman v. Furniss, supra, this rule was applied to a bill in equity seeking relief for fraud and undue influence. And in Cox v. Parker, 212 Ala. 35, 101 So. 657, it is pointed out that mental weakness is usually an element of undue influence, and that evidence of it is admissible along with other evidence of undue influence (citing Shipman v. Furniss, supra), and that it is sufficient to aver generally that an instrument was the result of undue influence of a named person. Though undue influence is a species of fraud, the two terms are not synonymous, and present different issues based upon separate averments to sustain them. Shirley v. Ezell, 180 Ala. 352, 60 So. 905; Dulaney v. Burns, 218 Ala. 493, 119 So. 21.

The averment of knowledge of the weak mental condition of plaintiff is alleged in replication third as descriptive of the claim of undue influence and not of fraud. And, though there may not be sufficient evidence to go to the jury on the issue of undue influence, there is such on that of fraud. Each is a distinct, independent averment presenting separate substantive grounds to avoid the effect of the written release, and proof of either is sufficient, though they are conjunctively connected.

Application for rehearing denied.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.