(130 So 896)

## CITY OF BIRMINGHAM v. SIMMONS.
### 6 Div. 592.

Supreme Court of Alabama.
Oct. 30, 1930.

Rehearing Denied Nov. 28, 1930.

Robt. J. Wheeler and Marvin Woodall, both of Birmingham, for appellee.

Wilkinson & Burton and Hollis O. Black, all of Birmingham, for appellant.

**SAYRE, J.**

Plaintiff was awarded damages alleged to have been caused by a defective bridge in one of defendant's streets. Defendant appeals.

Appellant lays stress upon an assignment of error which brings under review that ruling of the trial court admitting in evidence the sworn claim filed with the clerk of the city commission stating the manner in which plaintiff's injury was received, etc., in an effort to comply with section 2031 of the Code 1923. The objection taken against the notice is that the supporting affidavit was taken before Robert J. Wheeler, who at the time was under employment by plaintiff to prosecute this suit for a fee made contingent upon recovery, and the written contract to that effect was put in evidence. Appellant cites more than a hundred adjudicated cases, English and American, in support of his proposition that Wheeler, who by his contract had acquired a pecuniary interest in plaintiff's claim against the city, was thereby disqualified to take plaintiff's oath, with result that the notice of plaintiff's injury could not be held effective as the notice required by the statute. Stated in general terms, appellant's proposition is that a notary cannot certify to or act in a matter in which he has a personal interest. 46 Corpus Juris, 518, § 30. Wheeler's interest in the claim against the city was that he had been retained by plaintiff to prosecute his claim against the city, agreeing "to give said attorney for his services a sum equal to one-half of all sums received or recovered."

The statute, Code 1923, § 2031, forbids a recovery in cases of this sort "unless a sworn statement be filed with the clerk" of the municipal government. In 43 Corpus Juris, 1204, § 1972, it is said that the fact that the notary taking the oath also acted as attorney for plaintiff in the action for injuries does not vitiate the claim, citing Allen v. West Bay City, 140 Mich. 111, 103 N. W. 514, which case is reported with editorial note in 6 Ann. Cas. 35, where it is said that, "It has long been a court rule in England that an affidavit made before an attorney for the party taking the

oath cannot be heard," citing the English cases. Cases from Arkansas, Colorado, New Jersey, New York, and Canada to the same effect are noted. Per contra cases from the federal circuit court (Atkinson v. Glenn, 4 Cranch, C. C. 134, Fed. Cas. No. 610), California, Illinois, Indiana, Massachusetts, Minnesota, Missouri, New Mexico, and Texas are cited in the note. Of the English rule, which appears to have been followed in the cases supporting the rule of exclusion, the court in Richardson v. Sheehan, 46 Ill. App. 531, observed: "The practice excluding them [affidavits sworn before attorneys of the parties using them], is, in England, founded upon rules of court not in force here (Tidd's Practice, 494)." And in People v. Spalding, 2 Paige (N. Y.) 329, the chancellor says the rule referred to is a mere technical rule, and the decision there was that a failure to observe it would not vitiate a proceeding in which no injury thereby resulted to one of the parties. By this reference we do not intend to deny that the statute of this state is mandatory (Brannon v. Birmingham, 177 Ala. 419, 59 So. 63), but only to indicate that it intends no narrow construction (McDougall v. Birmingham, 219 Ala. 686, 123 So. 83, 63 A. L. R. 1076, and cases there cited).

Our cases remain to be noticed.

In Huntsville v. Phillips, 191 Ala. 527, 67 So. 664, the court held an affidavit sufficient which was made by the mother of the plaintiff, as next friend, plaintiff being a minor of tender years.

In principle the decision in Vizard v. Robinson, 181 Ala. 349, 61 So. 959, 961, concludes the question here raised. In that case the attorney who took the acknowledgment of a conveyance to his client was acting under a contract by which he was to receive a certain sum per acre for all timber bought by him for his client. The ruling was that the attorney was not disqualified to take and certify the acknowledgment—this for the reason that he had not a "financial interest in the conveyance." The reasoning of the opinion is found in the following language: "The facts set forth evidencing at most a financial interest in the transaction, not in the conveyance. That the agent's or attorney's compensation, as well as its amount, was made to depend entirely upon the effectuation by him of the sale only sufficed to render his financial interest therein secondary and incidental." That precedent and consideration of the purpose to be served by the rule of the statute, viz., to advise the municipality of the accident in order that investigation and adjustment may be had without suit (Bessemer v. Barnett, 212 Ala. 203, 102 So. 23), suffice to determine our opinion that the notice in the present case was properly received in evidence. Had a difference arisen between the

attorney and his client concerning the compensation of the former, it is freely conceded that the acknowledgment, or the instrument acknowledged, could not be made to serve the attorney's purpose.

■ We construe the charges made the basis of assignments of error 7 and 8 to assert no more than that it was the duty of defendant municipality to exercise due care to keep its public streets, to the full width thereof, in a reasonably safe condition for travel. These charges do not undertake to define due care, but only to assert that the duty of such care extended to the full width of the street. We do not construe them as intending that a bridge which carries a street over a ditch is required by any rule of due care to be as wide as the street adjacent to the bridge, but, when construed with reference to the evidence, to mean only that, if the bridge is narrower than the street, reasonable precaution—to be adjudged by the jury in the ordinary case—should be exercised to prevent injury by reason thereof. City of Montgomery v. Ferguson, 207 Ala. 430, 93 So. 4.

■ The charge assigned for error in the ninth assignment states a commonplace of the law. There was no error in giving it.

■ As for the charge set out in the eleventh assignment: It may be considered that in some circumstances it would involve some misleading tendency; but, in view of the facts shown by the record, we do not find any reasonable ground for supposing that the jury may have been misled in fact, or that there was error to reverse. The substance of the argument for error in giving the charge is that it put the absolute duty on the municipality to keep its street in safe repair. The argument rests upon the use of the word "must." The word means no more than that, as a general proposition, a municipality is obliged by legal necessity to keep its street in reasonably safe repair. There may be circumstances in which the obligation does not arise so far as concerns particular defects—this, because, as we said in Bessemer v. Whaley, 187 Ala. 529, 65 So. 542, 543, "the basis of responsibility is negligence in suffering a defect to remain after it should in reason have been repaired, and notice to the corporation of the defect, or of facts from which notice may reasonably be inferred, or proof of circumstances from which it appears that the defect ought to have been known and remedied." But there was nothing in the evidence in this case tending to relieve defendant of the imputation of neglect in the matter of repairing the bridge or reconstructing it according to a safe plan, if the jury found it to be inherently unsafe, and hence no sufficient reason for holding that the jury may have interpreted the charge in question as imposing responsibility for a defect with notice of which the municipal authorities might in reason be presumed to be ignorant. We are unwilling, therefore, to hold that the charge in question worked any harm in defendant's case.

■■ The argument for error in refusing the general charge requested by defendant is based upon the proposition—other than that concerned about the notice, which we have heretofore considered—that there was a total failure of proof as to the only negligence charged in the complaint. The substance of the fault found with the trial court's refusal of the charge is, as we understand, that the complaint alleged that "the defendant, or its servants, agents, or employees, while acting within the line and scope of their authority as such, negligently caused said automobile to fall off said bridge at said time and place which pinned underneath said minor" (the beneficial plaintiff in the case under consideration) "to his injury and damages as herein set forth," and that proof that the automobile fell from the bridge because it (the bridge) was too narrow, was obliquely constructed across the ditch and without guard rails, and was in other respects defective, was not proof that the accident and injury to plaintiff was caused by defendant, its servants, agents, or employees. The further allegation is that plaintiff, while riding in an automobile, was injured by said automobile falling off a defective bridge which was in and a part of the street, and then the nature of the defects is more particularly described, whereby "the said automobile was * * * caused to run off said bridge," etc. The judgment here is that the complaint sufficiently advised defendant of the nature and cause of the claim against it, charged defendant, through its agents, servants, or employees, with negligence in permitting the defective bridge, and thereby, in inescapable legal effect, charged that defendant municipality negligently caused the automobile to fall, etc. There was evidence to sustain the charge thus made, and for that reason the general charge was refused to defendant without error.

The judgment is due to be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.