153 So. 430

**CITY OF BIRMINGHAM v. BLOOD.**
6 Div. 451.

Supreme Court of Alabama.
March 8, 1934.

W. J. Wynn and T. A. McFarland, both of Birmingham, for appellant.

GARDNER, Justice.

Plaintiff, returning at night and in the dark from the grocery store diagonally across the street from her apartment in the city of Birmingham, sustained a fall as she stepped from the curbing into the street, and instituted this suit for the recovery of damages suffered thereby.

She rests her case upon the theory that the proximate cause of the accident was a depression in the street gutter, several inches in depth, left there by the city authorities during its repair, unguarded and unlighted, and adduced proof in support thereof.

The city denied there was any depression, but in the main its defense rested upon the theory of contributory negligence on plaintiff's part in crossing the street at a place other than the street intersection, and this is the question stressed on this appeal.

Murphy, Hanna, Woodall & Lindbergh, of Birmingham, for appellee.

Under well-recognized principles the city was under the duty to keep its public streets in a reasonably safe condition for travel by night as well as by day, and this duty extended the entire width of the street. City of Montgomery v. Ferguson, 207 Ala. 430, 93 So. 4; City of Birmingham v. Simmons, 222 Ala. 111, 130 So. 896, 74 A. L. R. 766; City of Huntsville v. Phillips, 191 Ala. 524, 67 So. 664.

Plaintiff's proof therefore established a case of negligence against the city. Nor was she guilty of contributory negligence as a matter of law so as to bar a recovery, by reason of the fact that she crossed, where she and others had often crossed before, at a place other than the street intersection. True, crossing at such a place may charge her with additional vigilance, but she was not a trespasser and not thereby debarred from her right of action as a matter of law. It was a question properly submitted for the jury's determination. Ivy v. Marx, 205 Ala. 60, 87 So. 813, 14 A. L. R. 1173.

It is strenuously insisted, however, that plaintiff violated the city ordinance (section 5948, Code of Birmingham, 1930), which makes it unlawful for any pedestrian to cross any street at any place other than a highway intersection, and she is thus debarred of a re-

covery, and authorities from other jurisdictions are cited as lending support to this argument.

But we need not look elsewhere, as our own decisions have dealt definitely with the question, and adversely to the city's contention.

Answering like argument, this court has held that ordinances of this character are mere traffic regulations, passed to better conserve public safety (Ivy v. Marx, supra), to concentrate the movement of pedestrians across the street in order to minimize danger of accidents to them from passing vehicles (City of Birmingham v. Mauzey, 214 Ala. 476, 108 So. 382, 384), and not to be so strictly construed as to visit a species of outlawry upon a person found on foot off the sidewalk (Cooper v. Auman, 219 Ala. 336, 122 So. 351) ; and that to be available as a defense of contributory negligence as a matter of law, the ordinance violated must have been enacted for the benefit of the party who seeks its invocation. Watts v. Montgomery Traction Co., 175 Ala. 102, 57 So. 471 ; Cooper v. Agee, 222 Ala. 334, 132 So. 173 ; Newman v. Lee, 222 Ala. 499, 133 So. 10 ; McCaleb v. Reed, 225 Ala. 564, 144 So. 28.

These authorities demonstrate that the ordinance in question is not to be construed as intending to relieve the city of its duty to keep its streets, their entire width, in a reasonably safe condition for travel, but were enacted to promote the public safety, and not for the benefit of the city itself. As stated in City of Birmingham y. Mauzey, supra, "It will not be said that municipal authorities or the drivers of automobiles are relieved of all duty to conserve the safety of pedestrians who may step aside from the path fixed for them.".

But we forego further discussion, as the above-noted authorities suffice to show the question of contributory negligence was properly submitted to the jury, and the affirmative charge requested by defendant correctly refused.

The substance of the charge, refusal of which is made the basis of the second assignment of error, was embraced not only in the oral charge of the court, but in charges given at defendant's request. Moreover, while abstractly correct, we are inclined to the opinion, in view of the plea of contributory negligence, that the charge had a misleading tendency as indicating that plaintiff's failure to cross the street at the intersection was itself a complete defense as a matter of law.

There was evidence tending to show that following the excavation in the gutter, water and mud were washed therein by the rain, and therefore rendered the same wet and slippery, and thus enhancing the danger of a fall.

In view of this proof, the court gave, at plaintiff's request, the charge made the basis of the third assignment of error. This charge was approved in City of Birmingham v. Simmons, 222 Ala. 111, 130 So. 896, 74 A. L. R. 766, which holding does not conflict with Hammett v. Birmingham Ry., L. & P. Co., 202 Ala. 520, 81 So. 22, where the court was considering a charge defining only proximate cause. We find no error in this action of the court.

The case in its essential details was one for the jury, and we find no reason to disturb the ruling of the trial court in denial of defendant's motion for a new trial.

We have considered the assignments of error discussed by appellant, and find nothing calling for a reversal of the judgment rendered. It will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.