2 So.2d 388

## FRANCIS v. IMPERIAL SANITARY LAUNDRY & DRY CLEANING CO.

### I Div. 124.

Supreme Court of Alabama.

May 15, 1941.

Rehearing Denied June 5, 1941.

Doris Van Aller and Charles Hoffman, both of Mobile, for appellant.

Smith & Johnston, of Mobile, for appellee.

---

FOSTER, Justice.

This is an action for the death of plaintiff's intestate who was riding a bicycle down a public highway and had a collision with a truck of defendant approaching in the opposite direction. There was a verdict and judgment for defendant.

Count 1 of the complaint was in simple negligence, and states that both were using the public highway, and that defendant so negligently operated the truck that as a proximate consequence it ran against the bicycle on which intestate was riding. The special pleas were to this count, and the first question for our consideration is the ruling on demurrer to them. They set up contributory negligence. Plea 2 contains less detail than the others to support the allegation of negligence, which is the basis of the claim of insufficiency. It alleges in substance that intestate, with knowledge that defendant's truck was approaching him on the highway, negligently proceeded to ride his bicycle down said road at a high rate of speed in the direction of and into the side of said truck and as a proximate consequence of such negligence, the collision occurred.

Such a plea is sufficient if it alleges facts which show a duty by plaintiff to defendant, a negligent breach of that duty in a particular manner, as a proximate contributory cause of the injury, when such particularity of manner accompanied with averment of negligence is sufficient to that end. 45 Corpus Juris 1121.

Plea 2 in the instant case is not unlike the third plea treated in Brown v. St. Louis & S. F. R. R. Co., 171 Ala. 310, 55 So. 107; nor the fourteenth plea in Harrison v. Mobile L. & R. R. Co., 233 Ala. 393, 171 So. 742. It shows a duty to defendant, in that they were both using the same highway at the same time. Each owes the other the duty to exercise reasonable care not to injure him after he is aware of his presence, as well as to discover his presence. Cooper v. Agee, 222 Ala. 334, 132 So. 173; Harbin v. Moore, 234 Ala. 266, 175 So. 264.

The particular matter of negligence in this plea is the allegation that intestate was riding the bicycle at a high rate of speed toward and into the truck knowing of its approach on the highway. This was sufficient to meet all requirements of good pleading.

### Seventh to Twenty-Third Assignments, Inclusive.

These assignments relate to proceedings on the examination of witnesses. As to some, there was no proper reservation of exception, others relate to immaterial evidence offered, and as to all, a careful study of them shows no reversible error, but there is no important legal question in connection with any of them which needs a discussion. The statements in the record in connection with each show clearly the answer to appellant's contention without an analysis of them by us.

### Twenty-Fourth Assignment.

This assignment relates to refused charge No. 7. It is argumentative and also declares the statement of a duty which the law does not impose. There is no such principle of law known to us as there stated.

### Twenty-Fifth Assignment.

This relates to refused charge No. 12. This charge is materially different from that considered in Caruth v. Sparkman, 226 Ala. 594, 147 So. 884, relied on by appellant. This charge declares wantonness to be shown if one is conscious or should by the exercise of reasonable diligence have been conscious of the probability that another would be injured by his conduct, and then does the act causing the injury. Whereas in the case cited, the charge predicated wantonness on consciousness of the danger to others, without the alternative noted above. The failure to exercise reasonable diligence to discover danger is at most negligence. Wantonness contains the element of consciousness of probable danger as an existing fact, not as it ought by reasonable diligence to have been. Allison C. & T. Co. v. Davis, 221 Ala. 334, 129 So. 9; Alabama Power Co. v. Gooch, 221 Ala. 325, 128 So. 793; Birmingham Electric Co. v. Turner, ante, p. 66, 1 So.2d 299.

### Twenty-Sixth Assignment.

This relates to refused charge No. 15. There is no such duty required by law as that here set out. Whether there was a duty to blow the horn depended upon whether due care so required under the circumstances, and that was a question for the jury. Schrimsher v. Carroll, 225 Ala. 188, 142 So. 547.

■ Moreover, the charge declared a right to recover if the truck driver's failure to blow the horn was the proximate cause of the injury, though it may not have been the sole proximate cause, and though the negligence of intestate might also have been a proximate contributing cause. It therefore pretermitted consideration of contributory negligence.

### Twenty-Seventh Assignment.

■ Refused charge No. 20. Reliance is had on Watts v. Montgomery Traction Co., 175 Ala. 102, 57 So. 471, and Ashley v. McMurray, 222 Ala. 32, 130 So. 401. But we observe that while it may be negligence to violate a statute or ordinance, it is not actionable unless it causes injury to one for whose benefit it was enacted. McCaleb v. Reed, 225 Ala. 564, 144 So. 28; City of Birmingham v. Blood, 228 Ala. 218, 153 So. 430.

■ Moreover, a charge which merely states an abstract proposition of law without instructing the jury its effect upon the issues in the case on the trial may be refused without error. Johnson v. Louisville & Nashville R. R. Co., 220 Ala. 649, 127 So. 216; Ridgely Operating Co. v. White, 227 Ala. 459(19), 150 So. 693; Streetman v. Bowdon, 239 Ala. 359, 194 So. 831.

### Twenty-Eighth Assignment.

■ Refused charge No. 22. It is not every traffic violation which causes the death of another who is without contributory negligence which is actionable. It depends upon the nature and purpose of the regulation and whether it was enacted for the benefit of decedent individually or as a member of a class. McCaleb v. Reed, supra; Birmingham v. Blood, supra.

### Twenty-Ninth, Thirtieth and Thirty-First Assignment.

Refusal of general charges for plaintiff. The insistence is that they should have been given on the theory of subsequent negligence and wantonness.

The evidence for defendant tended to show that defendant's truck driver was proceeding west on the north side of the paved roadway at a speed of between twenty-five and thirty miles an hour, and saw two men on bicycles come into the highway from a road extending from the north side and about sixty feet in front of the truck; that one of them crossed over and proceeded in the direction of the oncoming truck, but on his left side, and he was not injured; that the intestate turned down on the north side, on the right of the truck driver, but near enough to the edge or on the shoulder so as not to collide with it, and was standing up on the the pedals with his head down looking toward the ground, and continued still out of the danger zone of the approaching truck, and when only a few feet from it (five or six), he cut to his right to cross in front of it, and the truck driver then turned to his left to avoid a collision, and the bicycle hit the north side of the truck just behind the right fender.

■ The argument is that when the truck driver saw intestate approaching he did not blow the horn nor apply the brakes. But it was for the jury to say whether the circumstances were such as to call for those acts, or whether they would have served any good purpose after the truck driver became aware of the danger of intestate. It was for the jury to say whether there was obvious danger, or whether the truck driver became conscious that intestate was in danger merely because he was approaching on his left side of the road, out of the path of the oncoming truck, and was either on the shoulder or near the edge of the pavement, and in position where he could in a moment pass further away from the path of the truck. Whether it became the duty of the truck driver to sound his horn as a warning signal was a jury question. It depended upon the details of the occurrence as they appeared in the vision of the truck driver. The jury might have found the truck driver was negligent in not sounding the horn on seeing his approach, though out of the path of the truck, but looking toward the ground, and, it may be, inattentive to the truck. But this is not so as a conclusion of law, but only as an inference of fact available or not dependent upon a proper interpretation of the evidence.

■ Moreover, since intestate was also under a continuing duty to use due care to look ahead down the road for approaching cars, the truck driver might assume that he had done so in such manner as was his duty, and knew of the approach of the truck until the contrary was mani-

fest to him. Hammel Dry-Goods Co. v. Hinton, 216 Ala. 127, 112 So. 638. When that occurred, and when it became his duty to take some action to avoid the collision, and what action he should take, all were jury questions, and do not present a case for the affirmative charge. Harbin v. Moore, supra.

 The thirty-second assignment is not sufficiently argued.

### Thirty-Third Assignment.

This is a refused charge which merely states a legal principle. Whether it is correctly stated or not, it may be refused without reversible error. Johnson v, Louisville & Nashville R. R. Co., supra; Ridgely Operating Co. v. White, supra; Streetman v. Bowdon, supra.

### Thirty-Fourth to Fifty-First Assignments, Inclusive.

No argument is made as to these assignments, respectively, which needs discussion by us.

### Fifty-Second, Fifty-Third, Fifty-Fourth, Fifty-Fifth and Fifty-Sixth Assignments.

 These charges given for defendant are in substance that plaintiff cannot recover on the theory of a failure of the truck driver to observe a railroad stop sign set up pursuant to section 1397(54), Michie's Code, Code 1940, Tit. 36, § 6. There was such a stop sign at or near the place of collision, set up as a warning of the proximity of a railroad crossing the highway at grade about seventy feet ahead.

This requirement has no relation to one using the highway as plaintiff's intestate, and was not at all for his protection. It was only concerned with the railroad crossing and its dangers. It is within the principle of law heretofore discussed in this opinion, that where a rule or ordinance was not intended for the benefit of a person, he cannot complain on account of a want of its observance.

### Fifty-Seventh and Fifty-Eighth Assignments.

This is for overruling the motion for a new trial. The argument is based on the same contentions made in respect to the refusal of the affirmative charge for plaintiff. We need not repeat the discussion made by us insofar as subsequent negligence is concerned. There is no insistence made in connection with other aspects of the motion to grant a new trial which needs discussion.

### Fifty-Ninth Assignment.

 This relates to the refusal of the court to allow an amendment of ground forty-five of the motion for a new trial, in the manner specially proposed. But this proposed amendment was not germane to ground forty-five nor to any other feature of the motion, and was offered more than thirty days after the date of the judgment. There was no error in its refusal at that time. Atlantic Coast Line R. Co. v. Burkett, 207 Ala. 344, 92 So. 456; Sorsby v. Wilkerson, 206 Ala. 190, 89 So. 657; Virginia Bridge-Iron Co. v. United States Shipping Board, etc., Corp., 215 Ala. 321, 110 So. 469.

Affirmed.

GARDNER, C. J., and BOULDIN and LIVINGSTON, JJ., concur.