60 So.2d 339

## McCLOUD v. WILLIAMS.

### 6 Div. 376.

Supreme Court of Alabama.
Aug. 27, 1952.

Parsons, Wheeler & Rose, Birmingham, for appellant.

London & Yancey, Geo. W. Yancey and Jas. E. Clark, all of Birmingham, for appellee.

FOSTER, Justice.

This appeal is by plaintiff in a suit for personal injuries which were caused by an automobile driven by appellee against her as she was crossing Avenue F (or Sixth Avenue South) in Birmingham, where Omega Street intersects it on the north side, in what is called Titusville. Appellee was driving west on the north side of Avenue F, going toward the cemetery at about five o'clock in the afternoon in January. Her automobile lights were burning dimly. There was a rise in Avenue F about a block east of Omega Street, from whence appellee was traveling, but from the intersection a car approaching from the east was visible at that rise. Plaintiff testified she walked on the right side of Omega Street toward Avenue F; that when she got to the intersection she stopped and looked in both directions, and saw nothing coming from the west. She looked east and saw the lights of a car (evidently defendant's), which was not close, about a block away.

There is a parkway in the center of the street along Avenue F. Westbound traffic used a lane north of the parkway, while eastbound traffic used a lane south of the parkway. Where Omega Street extends across Avenue F the entrance on the north side is offset from that on the south side of the parkway. There is an opening in the parkway for passage from one side to the other as Omega Street intersects Avenue F.

Plaintiff further testified that when she saw the car coming from the east about a block away, she started walking toward the grass. She then saw the car about half way the block and began to run. There was other evidence that when plaintiff started to cross, the car was about half a block away. The lights were shining dimly and the car was traveling, according to one, about fifty to sixty miles an hour. Defendant said about thirty miles an hour; that she applied the brakes and the car was turned toward the left to avoid plaintiff, but did hit her. The car was stopped in about twenty feet after the collision.

This is a sufficient statement of the facts to illustrate the assignments of error insisted upon by appellant.

The first and third assignments of error are argued together in appellant's brief. The first assignment relates to a refused charge requested by plaintiff, "that section 1239 of the General City Code of Birmingham, 1944, reads in part as follows," then follows what purports to be restrictions as to speed in four paragraphs there copied as (a), (b), (3) and (6). The third assignment is with reference to a charge given at the request of defendant (in substance) that

the section of the city code relating to a speed of fifteen miles per hour at a blind intersection as read by counsel for plaintiff has no application to this case.

The charge refused as copied in the first assignment is no more than a statement of how a certain section of the city code is phrased. It does not seek to apply it to the facts of this case, and could be refused for that reason without error. Francis v. Imperial Sanitary Laundry & Dry Cleaning Co., 241 Ala. 327(13), 2 So.2d 388; Smith v. Lilley, 252 Ala. 425(6), 41 So.2d 175.

The giving of the ·charge requested for defendant in the third assignment of error should be considered in the light of the facts most favorable to plaintiff. The fifteen mile feature of the ordinance referred to is a maximum speed limit when approaching within fifty feet of and when traversing an intersection of streets where the driver's view is obstructed: meaning that during the last fifty feet of his approach to such intersection he does not have a clear and uninterrupted view of the approach to the intersection and of the traffic upon the street entering it for a distance of two hundred feet from the intersection.

At the northeast corner of the intersection of Omega Street and Avenue F there was a small brick grocery store which probably obstructed defendant's view during the last fifty feet from Omega Street, leaving a clear view of less than two hundred feet from Omega Street.

Defendant does not claim that there was no such obstruction or that during the last fifty feet defendant was not traveling more than fifteen miles per hour.

Defendant invokes the principle that the fifteen mile limit does not benefit the plaintiff under the circumstances of this case. The rule is settled by our authorities that although it may be negligence to violate a statute or ordinance, it is not actionable unless it causes injury to one for whose benefit it was enacted. Francis v. Imperial Sanitary Laundry & Dry Cleaning Co., supra; McCaleb v. Reed, 225 Ala. 564, 144 So. 28; City of Birmingham v. Blood, 228 Ala. 218, 153 So. 430; Watts v. Montgomery Traction Co., 175 Ala. 102, 57 So. 471; Jones and Son v. Lair, 245 Ala. 441 (6), 17 So.2d 577.

It is apparent to us that the fifteen mile limit referred to in the ordinance was intended to protect one approaching an intersection to which defendant was also approaching when defendant could not see the other on account of the obstruction within two hundred feet of the crossing. It can therefore have no application where for more than fifty feet before defendant reaches the crossing the plaintiff and the defendant are in plain view of each other and see each other. The duty of defendant is then controlled by other features of the ordinance and State law and not by the fifteen mile limit for, after the plaintiff and defendant have become in plain view of each other for more than fifty feet before the defendant reaches the crossing, there could be no virtue in the contention that defendant then owes plaintiff the duty of a fifteen mile limit under that ordinance.

It would make no difference in that situation whether there was an obstruction of the view in respect to some other party approaching the intersection whom the defendant could not see on account of such obstruction. Applying that situation here, we find that plaintiff and defendant were in plain view of each other for a distance of more than fifty feet from the crossing, to which defendant was approaching, and saw each other while they were more than that distance apart. When so situated, the ordinance requires a careful and prudent speed, having regard to traffic, surface, width of the street and other conditions.

The trial judge in his oral charge was careful to instruct the jury as to the respective duties of this plaintiff and defendant and that a negligent failure to perform such duties, respectively, was actionable if done by defendant, and if done by plaintiff would prevent her recovery, provided that in either event such negligence was a proximate contributing cause of the injury and damage. We think, therefore, it was not reversible error for the court to give at the request of the defendant the charge which forms the basis of the third assignment of error.

614

### Assignment of Error No. 2.

This assignment is based upon the giving of defendant's written charge No. 16. It may be conceded that the giving of this charge was a mere abstract statement of the law, and that if it were applicable to the plaintiff it would probably not serve to prevent a recovery. City of Birmingham v. Blood, supra; Watts v. Montgomery Traction Co., supra.

■■ But the principle well established in this State is that when a charge clearly states the law, although abstract in respect to the issues in the case, error would not be predicated upon its giving unless it appears from the whole record that it did in fact mislead the jury to the plaintiff's prejudice. Robinson v. Crotwell, 175 Ala. 194 (11), 57 So. 23; Moore v. Nashville, Chattanooga and St. Louis Ry., 137 Ala. 495, 34 So. 617; Marbury Lumber Co. v. Westbrook, 121 Ala. 179, 25 So. 914. It is not pointed out wherein the giving of this charge misled the jury to appellant's prejudice and, therefore, its giving is not reversible error.

### Assignment of Error No. 4.

This assignment relates to the refusal of a motion for a new trial. As argued by appellant, it does not present a question different from those which we have discussed in respect to the other assignments.

There is no error manifested in the assignments sufficient to justify a reversal.

Affirmed.

LAWSON, SIMPSON and STAKELY, JJ., concur.